FREDERICK SILVER.
21905 MOUNTAIN HWY E
UNIT 4143 SPANAWAY, WA 98387-7583
E-Mail: frederick.silver.litigation@protonmail.com
Tel: (702) 473-0365

# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON.
# AT TACOMA.

\*\*\*

FREDERICK SILVER.
    Plaintiff,

vs.

BARCLAYS BANK DELAWARE, BARCLAYS PLC, DENNY NEALON THE CHIEF EXECUTIVE OFFICER FOR BARCLAYS US CONSUMER BANK (USCB) AND BARCLAYS BANK DELAWARE.
    Defendants.

CASE NO. 3:25-cv-06112-BHS



## COMPLAINT WITH CLAIMS FOR MONETARY DAMAGES JURY TRIAL DEMANDED.

Plaintiff, Frederick Silver ("Plaintiff"), brings this civil action for actual, statutory, and punitive damages against Defendant Barclays Bank Delaware for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., based on unlawful and inaccurate credit reporting. Plaintiff alleges as follows:

### THE PARTIES.

1. Frederick Silver, hereinafter "Plaintiff" is an adult Natural Person, a resident of Pierce County, Washington State Plaintiff is a "consumer" as defined by 15

U.S.C. § 1681a(c) of the FCRA.

2. Defendant Barclays Bank Delaware ("Barclays" or "Defendant") is a banking or corporate entity organized under the laws of Delaware, with its principal place of business at 125 South West Street, Wilmington, Delaware 19801, and is a furnisher of information to consumer reporting agencies within the meaning of the FCRA.

3. At all relevant times, defendant Barclays Bank Delaware, Barclays PLC,, acted through its duly Authorized Agents, Denny Nealon the Chief Executive Officer for Barclays US Consumer Bank (USCB) and Barclays Bank Delaware, President, Vice President, Employees, Officers, Members, Directors, Heirs, Successors, Assigns, Secretary, Principals, Trustees, Sureties, Subrogates, Representatives, and Insurers.

## JURISDICTION AND VENUE.

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337 because this action arises under the FCRA, 15 U.S.C. § 1681 et seq.

5. Jurisdiction is also proper under 15 U.S.C. § 1681p, which permits actions to enforce liability under the FCRA in federal district court.

6. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because the inaccurate credit reporting at issue has caused harm to Plaintiff where he resides in Spanaway, Washington.

## FCRA BACKGROUND.

7. The FCRA is a federal statute enacted to promote the accuracy, fairness, and privacy of information in the files of consumer reporting agencies and to

regulate furnishers of credit information such as defendant.

8. as a furnisher, Defendant has duties under 15 U.S.C. § 1681s-2(b) to reasonably investigate disputes it receives via consumer reporting agencies, to review all relevant information, and to modify, delete, or block the reporting of information that is inaccurate or cannot be verified.

## FACTUAL ALLEGATIONS.

9. Plaintiff opened a credit-card account with Defendant Barclays Bank Delaware, identified on his credit reports with an account number beginning in 000330 and ending in XXXX (the "Barclays Account").

10. The Barclays Account has been reported on Plaintiff's Experian and TransUnion credit reports, including as an Experian tradeline with a $700 credit limit and a reported charge-off and past-due balance, and as a corresponding TransUnion tradeline.

11. Plaintiff made a full payment to Defendant intended to satisfy the Barclays Account, but Defendant failed to properly credit or update the account to reflect the payment and continued to report the account as charged off and past due.

12. On or about December 2019, Plaintiff disputed the accuracy of the Barclays Account directly with Defendant, explaining that the account had been fully paid and that the ongoing charge-off and past-due reporting was inaccurate.

13. Around that same time, Plaintiff also disputed the Barclays Account with TransUnion, Experian, and Equifax, requesting that the inaccurate Barclays tradeline be corrected or deleted.

14. The consumer reporting agencies acknowledged Plaintiff's disputes and, upon information and belief, notified Defendant of Plaintiff's disputes and provided Defendant with all relevant information, thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b).

15. Despite receiving notice of Plaintiff's disputes from the consumer reporting agencies, Defendant failed to conduct a reasonable investigation and failed to correct, delete, or block the inaccurate reporting of the Barclays Account.
16. Instead, after the disputes, Defendant verified the account and continued to report the Barclays Account as charged off and seriously past due, including a history of late payments and charge-off status, rather than as paid or otherwise accurately reflecting Plaintiff's payment and dispute.
17. Defendant and the consumer reporting agencies also failed, for significant periods, to clearly and consistently report the Barclays Account as disputed by Plaintiff, despite his written disputes.
18. As of the dates of Plaintiff's recent Experian and TransUnion reports, Defendant's trade line for the Barclays Account continued to appear as adverse, reflecting charge-off, past-due status, and a derogatory payment history, which Plaintiff contends is inaccurate and misleading given his full payment and disputes.
19. Because of Defendant's conduct, Plaintiff's credit score has been depressed and his credit reports have contained derogatory information about the Barclays Account for years.
20. Plaintiff has suffered multiple credit denials, higher costs of credit, and has refrained from applying for additional credit because of the damage Defendant's inaccurate reporting has caused to his credit profile.
21. Plaintiff has also suffered emotional distress, anxiety, reputational harm, and loss of sleep as a result of the persistent inaccurate reporting and repeated denials of credit.

### Count I – Fair Credit Reporting Act

(15 U.S.C. § 1681s-2(b)) (Against Barclays Bank Delaware)

22. Plaintiff realleges and incorporates paragraphs 1 through 21 as though fully set forth herein.

23. At all relevant times, Defendant was a "furnisher" of information to consumer reporting agencies within the meaning of the FCRA.

24. After Plaintiff disputed the Barclays Account with TransUnion, Experian, and Equifax, the consumer reporting agencies notified Defendant of Plaintiff's disputes pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b).

25. Defendant failed to conduct a reasonable investigation of Plaintiff's disputes, failed to review all relevant information provided by the consumer reporting agencies, and failed to accurately report the results of its investigation.

26. Defendant willfully and/or negligently failed to modify, delete, or block the reporting of information about the Barclays Account that it knew or reasonably should have known was inaccurate or could not be verified, in violation of 15 U.S.C. § 1681s-2(b).

27. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages, including credit-denial related losses, increased costs of credit, out-of-pocket expenses, and emotional distress.

28. Defendant's conduct was willful within the meaning of 15 U.S.C. § 1681n, entitling Plaintiff to statutory damages, punitive damages, and costs.

29. In the alternative, Defendant's conduct was negligent within the meaning of 15 U.S.C. § 1681o, entitling Plaintiff to actual damages and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant Barclays Bank Delaware and award:

a. Award statutory damages under 15 U.S.C. § 1681n

b. Award actual damages under 15 U.S.C. § 1681o

c. Award punitive damages for willful noncompliance.

d. Award costs and reasonable attorney's fees, if applicable.

e. Grant injunctive and declaratory relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL.

Plaintiff hereby request a Trial by Jury on all issues raise in this Complaint and Claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

Plaintiffs' investigation of the matters alleged herein is ongoing. Pursuant to such investigation and as allowed by the Court, Plaintiffs expressly reserve the right to amend or supplement the claims herein in accordance with Fed.R.Civ.P. 15.

**Dated: this 8th Day of December 2025.**

FREDERICK SILVER.
21905 MOUNTAIN HWY E
UNIT 4143 SPANAWAY, WA 98387-7583
E-Mail: frederick.silver.litigation@protonmail.com
Tel: (702) 473-0365

6 of 6
Complaint with Claims