UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK SILVER,<br><br>                Plaintiff,<br><br>   v.<br><br>BARCLAYS BANK DELAWARE, et al.,<br><br>                Defendant. | CASE NO. 25-cv-06112<br><br>ORDER |

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Frederick Silver leave to proceed *in forma pauperis*, Dkt. 4. The Court must now decide whether Silver's proposed complaint, Dkt. 5, states a plausible claim.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d

ORDER - 1

527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Silver brings a Fair Credit Reporting Act (FCRA) claim against Barclays. Dkt. 5 at 4. He contends that, in December 2019, Barclays did not accurately report his credit to consumer reporting agencies despite his full payments on his Barclays credit card. *Id.* at 3. Barclays allegedly did not reasonably investigate his account and failed to correct the inaccurate reporting. *Id.* at 3–4. Silver claims he has experienced years of inaccurate

credit reporting, specifically "derogatory information about the Barclays Account," and therefore suffered "multiple credit denials, higher costs of credit, and has refrained from applying for additional credit," as well as "emotional distress, anxiety, reputational harm, and loss of sleep." *Id.* at 4.

Silver has not articulated a plausible claim. While he alleges Barclays failed to reasonably investigate his account and continued to inaccurately report pending charges, he does not include sufficient facts for the Court to infer that Barclays violated the FCRA. Moreover, the statute of limitations on the FCRA is "5 years after the date on which the violation . . . occurs." 15 U.S.C. § 1681p(2). Silver was required to file his claims by December 2024 at the latest. He instead filed on December 8, 2025. Dkt. 5.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Because Silver cannot amend his complaint in any way to circumvent the statute of limitations, the case is **DISMISSED without prejudice**.

IT IS SO ORDERED.

Dated this 8th day of January, 2026.

BENJAMIN H. SETTLE
United States District Judge